IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| The Inclusive Communities Project, Inc., <br><br> Plaintiff, <br><br> v. <br><br> United States Department of the Treasury, <br><br> and <br><br> Office of the Comptroller of the Currency, <br><br> Defendants. | No. 3:14-cv-3013-D |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(a) and LR 56.1 & 56.3, Defendants, the United States Department of the Treasury ("Treasury") and the Office of the Comptroller of the Currency ("OCC"), move for summary judgment on all claims and defenses in this case because there is no genuine dispute as to any material fact, and Defendants are entitled to judgment as a matter of law. Defendants provide the following summary of each claim or defense as to which summary judgment is sought pursuant to LR 56.3(a).

## SUMMARY

1. Plaintiff the Inclusive Communities Project, Inc. ("ICP") lacks standing under Article III of the U.S. Constitution to maintain its claims at this stage of the litigation.

2. ICP cannot pursue its claims under 42 U.S.C. § 3608(d) because this provision does not provide a private right of action, and only available avenue of review for this claim, the Administrative Procedure Act, 5.U.S.C. §§ 701-06, precludes the programmatic relief ICP seeks. But even if this Court were to review Treasury's and the OCC's compliance with § 3608(d), this

Court would find that both Treasury and the OCC have satisfied their respective obligations (if any) under the statute.

      3. ICP's claims of intentional discrimination fail. As an initial matter, judicial estoppel precludes ICP from pursing its intentional discrimination claims against Treasury and the OCC because of ICP's prior inconsistent claims. Moreover, neither Treasury nor the OCC are engaged in the sale or rental of property in violation of 42 U.S.C. § 1982 or made housing unavailable under 42 U.S.C. § 3604(a). In any event, ICP cannot sustain its intentional discrimination claim against Treasury or the OCC under the *Arlington Heights* factors, *see Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-68 (1977), or under the *McDonnell Douglas* standard, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). But even if ICP could establish a *prima facie* case under the *McDonnell Douglas* standard, both Treasury and the OCC have legitimate, non-discriminatory reasons for their respective statutorily-prescribed roles with respect to Low Income Housing Tax Credits, and ICP cannot produce any evidence to show those reasons are pretext.

      Each of these issues is fully addressed in Defendants' accompanying brief filed pursuant to LR 56.5(a) and appendix filed pursuant to LR 56.6(a). A proposed order is attached.

Dated: April 12, 2018

    Respectfully submitted,

    CHAD A. READLER
    Acting Assistant Attorney General

    ERIN A. NEALY COX
    United States Attorney
    LISA ROBIN HASDAY
    U.S. ATTORNEY'S OFFICE
    1100 Commerce St., 3rd Floor
    Dallas, TX 75242
    214-659-8737
    lisa.hasday@usdoj.gov

    LESLEY FARBY
    Assistant Branch Director

    s/ James D. Todd, Jr.
    MARSHA STELSON EDNEY
    JAMES D. TODD, JR.
    U.S. DEPARTMENT OF JUSTICE
    Civil Division, Federal Programs Branch
    950 Pennsylvania Avenue, N.W.
    202-514-3378
    james.todd@usdoj.gov

    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I electronically submitted the foregoing document with the clerk of court of the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system, which caused a copy of this filing to be served on all counsel and/or pro se parties of record.

<u>s/ James D. Todd, Jr.</u>
JAMES D. TODD, JR.